## In re HAYDEN.

(District Court, S. D. Florida. April 1, 1899.)

BANKRUPTCY—EXAMINATIONS—SCOPE OF INQUIRY—PREVIOUS ASSIGNMENT.

Where the bankrupt, more than a year before the enactment of the bankruptcy law, had made an assignment for the benefit of his creditors under a state law, it is not material or proper, in his examination in the bankruptcy proceedings, to inquire into the circumstances under which the assignment was made, nor to require the assignee to produce the books and papers turned over to him at the time, unless a foundation is first laid for the belief that property of the bankrupt was withheld by him at the time of such assignment, and was still held as his at the time of the enactment of the bankruptcy law.

In Bankruptcy. On questions certified by the referee in bankruptcy.

LOCKE, District Judge. This matter has come on to be heard upon certain questions certified to the court by N. B. K. Pettingill, Esq., referee in bankruptcy, to wit: "(1) Whether inquiry, in the course of the examination of the bankrupt by the creditors, into the circumstances under which a deed of assignment for the benefit of the creditors under a state law, made by the bankrupt on the 18th day of May, A. D. 1897, is material and proper in a bankruptcy proceeding under a petition filed on the 23d of August, A. D. 1898. (2) Whether it is material and proper for the referee herein to compel the production before him, in obedience to a subpœna duces tecum directed to the assignee of said bankrupt under the deed of assignment aforesaid, of the books of accounts and other papers turned over by said bankrupt to his said assignee at the time of said assignment, and now in the possession of said assignee."

These questions having been fully examined, it is considered that, unless some foundation for the belief that certain property of the bankrupt was withheld by him at the time of such assignment, and

was still held as his at the time that the bankrupt act became a law, is laid by the introduction of other evidence, such inquiry and examination is not material and proper; nor is it material and proper for the referee to command the production of such books and papers, turned over by such bankrupt to said assignee. And, no such other testimony having been introduced in the case, it is considered that the objections to the introduction of said testimony should be sustained.